O’Neall, J.,
delivered the opinion of the Court.
In these cases it is necessary in addition to the facts stated in the first case, to add the state of the pleadings in the second. In it, the breach of the Ordinary’s official bond, assigned by the replication, is, that he did not take the bond from the purchaser (the executor,) as required by law. This is met by a double rejoinder, to wit: 1st., a traverse. 2d., that the plaintiff has not been damnified by it. Issue has been taken on both these rejoinders. It is wrong pleading thus to rejoin; but as the parties have waived the objection, the Court will not notice it further. The pleading in this case was not brought to my view on the circuit, and hence it was not before stated.
The first question which arises in both cases, is, whether the money bond and mortgage taken by the Ordinary from the ex. ecutor (the purchaser at his own sale) is a compliance with the Act of ’39. The 1st section of that Act, (Acts of ’39, p. 62,) provides, “that it shall be lawful for any executor or executrix, administrator or administratrix, to become a purchaser, at the sales of the estate of his or her testator or intestate, under whatsoever authority the said sales may be made, and the property so purchased shall be vested in him or her; but he or she shall be liable to the parties interested, for the actual value of the property at the time of sale, in cases where it shall have been sold at an under price.” This legalized what was before perhaps doubtful, the purchase by an executor or administrator at his own sale; but at the same time declared such purchaser’s liability for the actual value, where the property sold for less. *37 When it sold for the full value, the liability was left on the general footing of an executor’s or administrator’s final accounting. As an administrator gives bond and sureties for the faithful administration, on its grant, his eventual liability for his purchases was supposed to be sufficiently secured. But an executor giving no such bond, it was thought prudent to provide further: and accordingly the 2d section was passed, which enacted, that if any executor or executrix shall purchase any property at the sales of the estate of his or her testator, he or she shall give bond with surety to the Ordinary of the district, conditioned to account for the purchase money of the said property.” Reading this clause in connection with the rest of the Act, and looking to the reason, why the administrator was not also required to give bond and surety for his purchase, it is plain that the bond contemplated by the Act was not a money bond, but a bond conditioned to account to the parties interested for the purchase money and interest, when the property sold for its value: or if it did not then to account for the actual value, with interest thereon. It is therefore too clear to admit of argument, that the Ordinary did not do his duty in taking the bond which he did take.
It is now necessary to inquire, in Baskin’s case, who was one of the securities of the Ordinary, and in whose case the pleadings rest the right to recover on the Ordinary’s receipt of the money, whether he is liable on the pleadings as they stand? The Court is of opinion that he is not. They think, and to their judgment 1 yield my circuit opinion, that his receipt of the money was unlawful: and that therefore his sureties are not liable for money so received by him.
In Patterson’s case, there is no doubt he is liable for the Ordinary’s failure to take the proper bond. For in that respect, he did not “well and truly perform the duties of his said office:” and the breach of the bond is plain and palpable. In Boggs v. Hamilton, 2 Con. Rep. 382, it was held that an Ordinary, who took no administration bond, was liable to the parties in interest, and became, as the case expresses it, surety for the administrator. That may be true in that case, and still I do not perceive that the Ordinary here may not be primarily liable. He made such an order and took such a bond, as enabled him to receive *38 and waste the proceeds of the sale of the property. This was plain damage to all parties resulting immediately from his failure to do his duty, and as a matter of course his sureties are liable for it. In Patterson’s case, therefore, the verdict is right upon the pleading and the facts, arid the motion is dismissed: but in Baskin’s case, the verdict cannot be supported upon the pleading, and must be therefore set aside, and a new trial ordered; but the plaintiff has leave to strike out the replication to the plea of performance, and to put in a fresh replication assigning the failure to take bond under the Act of ’39, as the breach; to which the defendants have leave to rejoin, and the plaintiff to sur-rejoin, and the parties to continue the pleadings until an issue is properly made up.
Richardson, J., and Evans, J., concurred.
This case was heard before Withers J. took his seat.